Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000623
27-FEB-2014
10:01 AM

NO. CAAP-11-0000623

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


KEAHI YOUNG, Trustee of the PRISCILLA C.
YOUNG TRUST, Plaintiff-Appellee,
v.
DAWN WHITNEY, Defendant-Appellant,
and
GARY G. KUIKAHI, LANA R. LANCASTER, KIM K. KUIKAHI,
KUMUKOA (w), aka EMILY KEAKUANUU OHIA; KAMAKAOKALANI
(k), aka WILLIAM KAMAKAOKALANI OHIA; BENJAMIN KALAI
OHIA; KAHAE OHIA; ANNIE OHIA; KAUWA OHIA (k); UHAI
OAHIA (k); EMMA OHIA; MARY OHIA; JOHN KALAWELA OHIA;
JAMES KIMO NIUA OHIA; JAMES KAMAKA OHIA; MARY OHIA;
WILLIAM K. OHIA; GABRIEL OHIA, aka KAILI OHIA; JOHN K.
IOANE OHIA; MARY OHIA JOHNSON; JOHN "WILLIE" JOHNSON
JR.; ANTONIA ANTOINETTE OHIA HALL (w); COLBURN V. OHIA;
ALBERT N. OHIA; LUCY PILIOLE OHIA WHITNEY; PHILIP
WHITNEY; KILIKINA WHITNEY; THERESIA WHITNEY (w);
SOLOMON WHITNEY; JOHN WHITNEY; PHOEBE AGUIAR; EMILIA
CABRAL, aka EMELIA CABRAL, aka AMY CABRAL; PHILIP
"KALAMAN" WHITNEY; PHILIP WHITNEY, JR.; FRANCIS
WHITNEY; ALFRED WHITNEY; CISSY ABAD; GWENDOLYN P.
ABELLANA; HATTIE GACO; JOSEPH GACO JR.; MARIE WHITNEY;
PHOEBE CHONG; SOLOMON WHITNEY JR.; SOLOMON WHITNEY III;
STEPHANIE ATIZ; RACHELLE K. WHITNEY, aka RAECHELLE K.
WHITNEY; MICHELLE WHITNEY; ANNIE LAIMANA; HATTIE
WHITNEY MACHADO; ROBERT L. WHITNEY; ROBERT "LEIMONA"
WHITNEY; GILBERT WHITNEY; DELBERT WHITNEY; WILBERT
WHITNEY; MARIE WHITNEY; MAKAHAI PUHI (w), aka MAKAHAI
(w), KEAU (k), aka KEAU PUHI (k), aka D.W.K. PUHI (k),
aka DAVID PUHI (k); MOHOOKE PUHI (k); WAIHOPU PUHI (k);
GEORGE PUHI; HOOPII PUHI (k); MOKUOHAI PUHI (k); HENRY
APOLEO PUHI; NELLIE HOOKANO KENOI (w); SAMUEL KENOI;
MAKAHI KENOI (w); HARRY KENOI; HARRY N. KENOI JR.;
KEITH KENOI; VICKI KENOI; DENNIS L. KENOI; JOSEPH
P.N.S. KENOI; DELIGHT ALA VEINCENT; NELIS OWANA, aka
KAMEHAIKU (w); NAPALIOLA (k) aka, NAPOLEON T. KENOI;
NAPOLEON KENOI JR.; TIMOTHY TIMSIN KENOI, aka TIMSEEN

KENOI; TIMOTHY R.N. KENOI; TERRANCE K. KENOI; TABBY-LEE
K. KENOI; LESTER M. AKI; ANNIE L. KENOI; MARY N.
DEMOTTA; LILLIAN B. TACKETT, aka LILLIAN H. PITTMAN,
aka LILLIAN H. BERMARDEZ; PEARL M. KAWAHARA; GRACE
MAMANUI KENOI McBRIDE; JOHN H. McBRIDE; MATTHEW P.
McBRIDE; JOHN K. LESLI McBRIDE; HUBERTA LEIMOMI
KEKAULUA; AGNES N. SAI KAIPO; WILLIAM PUHI; HELEN PUHI,
aka HELEN NALIMU; HELEN KEAHI NALIMU KAMELAMELA; SAMUEL
KAMELAMELA; JOHN KAMELAMELA; KAREN KAMELAMELA; DISCOVER
BANK; CYD KAMELAMELA (w); TIMETEO MOKUOHAI KEKUANUU,
aka OHELO (k); KAMAKAOKALANI (k), aka WILLIAM
KAMAKAOKALANI OHIA; AIMA KUIKAHI, aka EPHRAIM KUIKAHI;
ALMA OSYIN KUIKAHI; HARRY KUIKAHI; VIOLET OHELO
KUIKAHI; MAGGIE KEOLA KUIKAHI (w); HARRY AIMOKU KUIKAHI
JR.; LUCY K. KUIKAHI; HARRY A. KUIKAHI III; LARRY K.F.
"FAT" LOA; KALAUNANI M. KUIKAHI; JOSPEH WANA SR.;
JOSEPH WANA JR.; WILLIAM JOSHUA WANA, aka JOSEPH WANA,
2; MARGARET MAJMAY, aka KAHIKINA WANA MAHINAE, aka
VIRGINIA MAJAMAY, aka VIRGINIA W. LOUIS GARABILES; LU
CRISTOBAL (w); HERBERT H. MAJAMAY SR.; VIRGINIA MARIA
VOLKOV, fka VIRGINIA BERDIO; EMILY GALARIO, aka ROSITA
GALARIO; JULIA KENA WANA LORILLA, aka JULIA KAENA
LURILLA, aka MARTHA W. SORPHINE LAURILLA, aka MARTHA
SARPHINE; SERAPIN LORILLA; LORI MAE KUOHA;
TXCOLLECT/THRIFT I, L.P.; ALRED KEAHILIHAU LORILLA; AUA
WANA; KALIA WANA; ROSE WANA; BERNADETTE KUIHELANI
ASTRANDE; ASSOCIATE FINANCIAL SERVICES COMPANY OF
HAWAII, INC.; MARY KAMOHAI; HENRY ANTHONY KAMOHAI, aka
HENRY KUIKAHI ENGLISH KAMOHAI; BEVERLY KAMOHAI; RUDOLPH
LANUI KAMOHAI; CHARLES A.K. KAMOHAI; their respective
heirs or assigns; DOE DEFENDANTS 1-50; and ALL WHOM IT
MAY CONCERN, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 08-1-0087)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

       This case involves a complaint to quiet title and to
partition land located at Kanekiki, Kapoho, Island of Hawaiʻi
("Property"), filed by Plaintiff-Appellee Keahi Young, Trustee of
the Priscilla C. Young Trust ("Young"). Defendant-Appellant Dawn
L. Whitney ("Whitney") appeals from the July 27, 2011 Final
Judgment entered in the Circuit Court of the Third Circuit
("Circuit Court").[1]

       On appeal, Whitney asserts that the Circuit Court erred
by (1) "[d]enying [Whitney her] right to full and fair

---

[1]    The Honorable Greg K. Nakamura presided.

opportunity to defend all [her] interests in this case" and (2) by failing to recognize an interest in a second generation of Kekuanuu's descendants despite a probate order's language stating that: "[I]t is declared that Kahailii, [Kekuanuu's] widow, has clear title to the [Property], while living, and for her descendants . . . , *and their descendants thereafter*, they will all receive equal shares."[2] (Emphasis added.)

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Whitney's contention as follows:

(1) The Hawaiʻi Rules of Civil Procedure ("HRCP") provide that service of a complaint is properly made upon a competent adult where "a copy of the summons and of the complaint [is delivered] to the individual personally or in case the individual cannot be found by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein[.]" Haw. R. Civ. P. 4(d)(1)(A). Service of pleadings and other papers is properly made if they are "mail[ed] . . . to the . . . party at the . . . party's last known address[.]" Haw. R. Civ. P. 5(b)(1)(b). "Service by mail is complete upon mailing." Haw. R. Civ. P. 5(b)(3).

"Parties who appear in person without counsel shall notify the clerk in writing of their names, their mailing and residence addresses, and telephone numbers and shall keep the clerk informed by proper written notices of changes in the addresses and telephone numbers so given." Haw. R. Cir. Ct. 4. "A party who has been prejudiced by failure to receive due notice or to be served, or who has been prejudiced by reason that service was made by mail, may apply to the court for appropriate relief." Haw. R. Cir. Ct. 5(b).

---

[2] Whitney's opening brief does not specifically identify any points of error. In fact, the brief fails in several respects to conform to the Hawaiʻi Rules of Appellate Procedure. Nevertheless, we adhere to our policy of affording pro se litigants their day in court, to the extent that we can discern the arguments. *See O'Connor v. Diocese of Honolulu*, 77 Hawaiʻi 383, 386, 885 P.2d 361, 363 (1994).

On May 13, 2008, Whitney, along with Stephanie Atiz and several other defendants surnamed Whitney ("Whitney Defendants"), collectively filed their answer to the complaint ("Answer"), in which they asserted a lineal ownership interest in the Property. The Answer included a header with each of the Whitney Defendants' names, and immediately thereunder listed a single post office box address in Papaikou, Hawaiʻi ("Papaikou Address"). As the Whitney Defendants appeared to provide the Papaikou Address as their collective address in the Answer, which Whitney signed, it was appropriate for the parties and the court to provide further service upon Whitney by mailing documents to that address. Haw. R. Civ. P. 4, 5; Haw. R. Cir. Ct. 4.

On March 4, 2010, Young filed a motion for summary judgment on the complaint. Whitney did not make an appearance at any of the hearings on the motion. The order granting summary judgment was filed on October 11, 2010. Thereafter, Whitney filed a motion that she referred to as a motion to set aside the default judgment of October 11, 2010 which motion was denied. Whitney also filed a newly discovered evidence, HRCP Rule 60(b) motion for relief from summary judgment ("Rule 60(b) Motion"), which was also denied.

As Whitney did not provide any transcripts of proceedings,[3] she cannot show that the Circuit Court failed to determine whether she had been prejudiced or that it failed to afford her appropriate relief. *See Bettencourt v. Bettencourt*, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995) ("The burden is upon appellant in an appeal to show error by reference to matters in the record, and he [or she] has the responsibility of providing an adequate transcript." (quoting *Union Bldg. Materials Corp. v. The Kakaako Corp.*, 5 Haw. App. 146, 151, 682 P.2d 82, 87 (1984) (internal quotation marks omitted))). Moreover, it appears that, in determining Whitney's Rule 60(b) Motion, the Circuit Court reviewed Whitney's evidence purporting to establish her interest in the Property, and nevertheless denied her motion.

---

[3] Whitney cites to an excerpt of a transcript in her opening brief, but this transcript was not made part of the record. We therefore disregard it. *State v. Moses*, 102 Hawaiʻi 449, 455, 77 P.3d 940, 946 (2003) ("[Appellate courts] cannot consider evidence outside the record[.]").

(2) Whitney apparently contends that she acquired an interest in the Property through one of Kekuanuu's and Kahaialii's granddaughters. Whitney argues that the Circuit Court neglected certain language—"and their descendants thereafter"—in an 1865 order disposing of Kekuanuu's property interests, language which she contends thereby gave an interest not only to the children of Kukuanuu's widow, Kahaialii, but also to her grandchildren.

Whitney fails to offer any explanation or argument, however, to support her position. In light of the common law practice of using such "words of inheritance" to clarify that a devise conveys a fee simple interest rather than a life estate,[4] and absent any argument to the contrary,[5] the Circuit Court did not err in decling to interpret "and their descendants thereafter" as granting any interest in the grandchildren. *Cf. Branca*, 13 Haw. at 505 (recognizing that specific words of inheritance, while "to be commended" for indicating a testator's intent to convey a fee simple estate, were not essential in Hawai'i to finding and giving effect to such intent).

Furthermore, to the extent that Whitney alleges error in the Circuit Court's denial of her Rule 60(b) Motion, she did not proffer any new evidence to the Circuit Court in her motion. Rather, she offered only her interpretation of evidence that she admits in her opening brief had already been before the court.

---

[4] At common law, while not then generally applicable in the Kingdom of Hawai'i, such "words of inheritance" served to distinguish the devise of fee estates from life estates. *See, e.g., Branca v. Makuakane*, 13 Haw. 499, 505 (1901) (ruling that the common law rule requiring a reference to a devisee's "heirs" to accomplish the conveyance of a fee simple estate, rather than a life estate, was not in force in the Kingdom of Hawai'i prior to the 1893 statutory adoption of common law generally); *see also In re Mangel's Estate*, 186 N.W.2d 276, 277-78 (Wis. 1971) ("At common law, a devise to a person and his heirs and assigns created an estate in fee simple. . . . Without the use of ['and to his heirs and assigns'], a general devise passed only a life estate, unless an intention to pass a fee simple estate appeared in the will."); 28 Am. Jur. 2d *Estates* § 19 (2011) ("The general and well-established common-law rule was that words of inheritance, such as the word 'heirs' or its equivalent, were necessary in a deed in order to convey an estate in fee simple to the grantee. At common law, a deed without words of inheritance conveyed a life estate . . . .").

[5] It is by no means clear that any grandchild was even alive at the time of probate.

Accordingly, the Circuit Court did not err in denying Whitney's Rule 60(b) Motion.

Therefore, IT IS HEREBY ORDERED that the July 27, 2011 Final Judgment entered in the Circuit Court of the Third Circuit is affirmed.

DATED:  Honolulu, Hawaiʻi, February 27, 2014.

On the briefs:

Dawn L. Whitney,
Pro Se Defendant-Appellant.

Michael W. Gibson and
Lisa Y. Iwamoto
(Ashford & Wriston LLP)
for Samuel L. Kamelamela, John
Kamelamela, Karen Kamelamela,
Cyd Kamelamela, and Samuel
Kamelamela, Defendants.

Keahi Young,
Pro Se Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge